■ In the Matter of the Estate of DAVID J. BRAUNSTEIN, Deceased, et al., Respondents, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Appellants. [657 NYS2d 12] —Order of the Supreme Court, New York County (Walter

Schackman, J.), entered May 10, 1996, which denied defendants' motion to dismiss the amended complaint, unanimously reversed, on the law, without costs, the motion granted and the amended complaint dismissed. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the amended complaint. Appeal from the order of the same court and Justice, entered on or about June 7, 1995, which granted defendants motion to dismiss the complaint, with leave to replead, unanimously dismissed as academic in view of the foregoing.

This class action, predicated on State common-law principles of breach of fiduciary duty and unjust enrichment, seeks an accounting and restitution of any benefit received by defendants from use of "free credit balances" belonging to the class members. "Free credit balances" are defined by regulation of the Securities and Exchange Commission (SEC) as "liabilities of a broker or dealer to customers which are subject to immediate cash payment to customers on demand, whether resulting from sales of securities, dividends, interest, deposits or otherwise" (17 CFR 240.15c3-3 [a] [8]). Plaintiffs theorize that defendants' application of these funds to their business operations violates defendants' fiduciary duties to their customers.

Under the Supremacy Clause of the United States Constitution (art VI, cl [2]), plaintiffs' claims are preempted by Federal law (see, Gibbons v Ogden, 9 Wheat [22 US] 1, 210-211), which provides that the SEC shall prescribe rules and regulations "to provide safeguards with respect to the financial responsibility and related practices of brokers and dealers including, but not limited to, the acceptance of custody and use of customers' securities and the carrying and use of customers' deposits or credit balances" (Securities Exchange Act of 1934, 15 USC § 78o [c] [3]). Federal law expressly permits broker/dealers to use free credit balances in connection with such customer-related activities as financing margin purchases, short sales and failed deliveries (17 CFR 240.15c3-3a).

In a similar case, in which the plaintiffs complained of the broker/dealers' practice of receiving "order flow payments" (remuneration for routing customers' orders for execution by wholesale dealers), the Court of Appeals held that such common-law claims "are preempted by the 1975 amendments to the Securities Exchange Act and implementing SEC regulations" (Guice v Charles Schwab & Co., 89 NY2d 31, 39, cert denied — US —, 117 S Ct 1250). As in that case, "the SEC, acting reasonably within its rule-making authority, [has] adopted a policy, incorporated in regulations, of permitting the

practice" (*supra*, at 48). This policy would be severely compromised by the application of State common-law agency principles (*supra*, at 48, citing *Doctor's Assocs. v Casarotto*, 517 US 681, 688), undermining the regulatory structure devised by Congress (*International Paper Co. v Ouellette*, 479 US 481). Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.